UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| THE ESTATE OF FRED GAYLORD ROARK, SR., by and through its duly appointed Executrix Faith Deanna Roark Johnson<br><br>v.<br><br>CHARLES H. ROARK<br><br>*Serve:* Kentucky Secretary of State<br>152 State Capitol<br>700 Capitol Avenue<br>Frankfort, KY 40601<br><br>JADAWI, INC., a Tennessee corporation<br><br>*Serve:* Kentucky Secretary of State<br>152 State Capitol<br>700 Capitol Avenue<br>Frankfort, KY 40601<br><br>DEFENDANTS | CIVIL ACTION NO. _____<br><br>*Electronically Filed* |

## COMPLAINT

\* \* \* \* \*

The Plaintiff, the Estate of Fred Gaylord Roark, Sr. ("the Estate"), by counsel, for its Complaint, states as follows:

## GENERAL ALLEGATIONS

1. Fred Gaylord Roark, Sr. died on March 26, 2015. Faith Deanna Roark Johnson was appointed as an Executrix of the Estate on December 9, 2015 by order of the Bell County District Court.

2. The Estate is a resident and citizen of Kentucky for purposes of diversity jurisdiction.

3. The Defendant Charles H. Roark is a resident and citizen of Georgia. His statutory agent for service of process is the Kentucky Secretary of State, and his last known address is 50 N. Crosslane Road, Monroe, GA 30656.

4. The Defendant JADAWI, INC. is a Tennessee Corporation with its principal place of business in Tennessee. It is therefore a citizen of Tennessee for purpose of diversity jurisdiction. Its agent for service of process is the Kentucky Secretary of State, and its registered agent for service of process is Charles H. Roark, 618 First Avenue, New Tazewell, TN 37825.

5. This Court has personal jurisdiction over Defendants because they maintain substantial, continuous, and systematic contacts in Kentucky, or have committed acts that have caused harm in Kentucky.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims against Defendants occurred in this judicial district.

7. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there exists complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## BACKGROUND FACTS

8. On November 22, 1967, the decedent Fred Gaylord Roark, Sr. caused to be formed "FUNNY FARM, INC.," a Kentucky corporation ("the Kentucky Funny Farm").

9. On August 19, 1968, the decedent Fred Gaylord Roark, Sr. caused to be formed "THE FUNNY FARM, INC.," a Tennessee corporation ("the Tennessee Funny Farm").

10. On December 12, 1968, the decedent Fred Gaylord Roark, Sr. purchased certain real estate in Vernal, Utah in the name of FUNNY FARM INCORPORATED.

11. On December 4, 1975, the decedent Fred Gaylord Roark, Sr. purchased certain real estate in Vernal, Utah in the name of FUNNY FARM, INC. These two Utah properties will be referred to herein as "the Utah Properties."

12. During his life, the decedent Fred Gaylord Roark, Sr. paid property taxes on the Utah properties.

13. At the time of his death, the decedent Fred Gaylord Roark, Sr. maintained a Utah driver's license with his address listed as 1475 South 2000 East, Vernal, Utah, which is the same location as the Utah properties.

14. At the time of his death, the decedent Fred Gaylord Roark, Sr. was the sole shareholder, officer and director of the Kentucky Funny Farm.

15. Records from the Kentucky Secretary of State reflect that the Kentucky Funny Farm is in bad standing pending dissolution. Upon information and belief, the Kentucky Funny Farm never completed winding down.

16. At the time of his death, the decedent Fred Gaylord Roark, Sr. was the sole of shareholder, officer and director of the Tennessee Funny Farm.

17. Records from the Tennessee Secretary of State reflect that the Tennessee Funny Farm was administratively dissolved in 1991 with no further Secretary of State activity until after the death of Fred Gaylord Roark, Sr. Upon information and belief, the Tennessee Funny Farm never completed winding down.

18. During his life, the decedent Fred Gaylord Roark, Sr. paid fees and other debts owed by both the Kentucky Funny Farm and the Tennessee Funny Farm.

19. After the death of Fred Gaylord Roark, Sr., his ownership interest in both the Kentucky Funny Farm and the Tennessee Funny Farm transferred as a matter of law to the Estate.

20. After the death of Fred Gaylord Roark, Sr., no person or entity other than the Estate had the right or authority to take any action on behalf the Kentucky Funny Farm or the Tennessee Funny Farm, including selling the Utah properties.

## THE CONDUCT OF DEFENDANT CHARLES H. ROARK

21. Defendant Charles H. Roark has never been an owner, officer, or director of either the Tennessee Funny Farm or the Kentucky Funny Farm.

22. Soon after the death of his father Fred Gaylord Roark, Sr. on March 26, 2015, Defendant Charles H. Roark began taking steps to covertly and wrongfully transfer the Utah Properties to an out-of-state company that he owns.

23. On July 1, 2015, Defendant Charles H. Roark made a filing with the Tennessee Secretary of State on behalf of "Funny Farm, Inc." The only difference between this company and the Tennessee Funny Farm is the capitalization of the letters in the name.

24. On July 1, 2015, Defendant Charles H. Roark filed Articles of Incorporation for "Funny Farm, Inc." with the Kentucky Secretary of State. The only difference between this company and the Kentucky Funny Farm is the capitalization of the letters in the name.

25. On July 6, 2015, Defendant Charles H. Roark filed Articles of Incorporation for "Funny Farm of Tennessee, Inc.," with the Utah Secretary of State (hereinafter "the Utah Funny Farm"). The mailing address listed for the Utah Funny Farm is the same address as the Utah Properties.

26. In October 2015, Defendant Charles H. Roark filed with the Tennessee Secretary of State a registered agent name change, application for reinstatement and duplicate name

consent for the Tennessee Funny Farm.  At the time, however, Defendant Charles H. Roark had no authority to act on behalf of the Tennessee Funny Farm.

27. Having made filings with each of the Kentucky, Tennessee and Utah Secretaries of State that would give the impression to third-parties he had authority to act on behalf of companies named Funny Farm, on November 6, 2015, Defendant Charles H. Roark executed a Quitclaim Deed transferring the Utah Properties to JADAWI, Inc.  The Quitclaim Deed was later recorded on January 21, 2016.

28. JADAWI, INC. is a Tennessee Corporation formed by Defendant Charles H. Roark on June 30, 2015.

29. Defendant Charles H. Roark executed the Quitclaim Deed without authority to do so on behalf of either the Kentucky Funny Farm or the Tennessee Funny Farm, both of which were solely owned by the decedent Fred Gaylord Roark, Sr. at the time of his death.

30. JADAWI, INC. knew or had reason to know that Charles H. Roark signed the Quitclaim Deed without authority of either the Kentucky Funny Farm or the Tennessee Funny Farm.

31. On the same day Defendant Charles H. Roark filed the Quitclaim Deed to JADAWI, INC., he also filed a Trust Deed which operates like a mortgage encumbering the property in the amount of $635,000.

**COUNT I—CLAIM FOR DECLARATORY RELIEF AND SPECIFIC PERFORMANCE**

32. For the reasons stated above, an actual controversy between the Estate and Defendant Charles H. Roark exists within the jurisdiction of this Court involving the authority of Defendant Charles H. Roark to act on behalf of the Kentucky Funny Farm and the Tennessee

Funny Farm in selling the Utah properties, and this Court may issue a judgment resolving this controversy without other suits.

33. The Estate requests the Court find that (1) The Decedent Fred Gaylord Roark, Sr. was the sole owner of the Kentucky Funny Farm and the Tennessee Funny Farm at the time of his death; (2) Defendant Charles H. Roark was neither an owner, officer or director of the Tennessee Funny Farm or the Kentucky Funny Farm at the time he executed the Quitclaim Deed on November 16, 2015; (3) Defendant Charles H. Roark had no authority to sign the Quitclaim Deed on November 16, 2015 on behalf of either the Kentucky Funny Farm or the Tennessee Funny Farm; and (4) JADAWI, INC. knew or had reason to know that Charles H. Roark signed the Quitclaim Deed without authority to do so on behalf of the owner.

34. If the Court makes these findings, then it should also compel JADAWI, INC. to deed the Utah Properties back to their rightful owner.

## COUNT II—BREACH OF FIDUCIARY DUTY

35. To the extent Defendant Charles H. Roark had authority to act on behalf of the Kentucky Funny Farm and the Tennessee Funny Farm in selling the Utah properties, he owed fiduciary duties to their owner which as a matter of law became the Estate after the death of Fred Gaylord Roark, Sr.

36. Defendant Charles H. Roark breached his fiduciary duties when he transferred the Utah Properties to JADAWI, INC., a company he owns, and then kept all of the sales proceeds while also encumbering the property.

37. As a result of the breach of fiduciary duty by Defendant Charles H. Roark, the Estate has incurred damages substantially in excess of $75,000.

38. The Estate is entitled to recover compensatory damages against Defendant Charles H. Roark as well as punitive damages.

## COUNT III—UNJUST ENRICHMENT

39. The acts set out above constitute unjust enrichment to Defendant Charles H. Roark and JADAWI, INC. at the expense of the Estate, in violation of the common law of the Commonwealth of Kentucky.

40. Retention of the enrichment and benefit to Defendants would be unjust to the Estate.

41. The Estate has suffered and will continue to suffer damages substantially in excess of $75,000 by reason of Defendants' actions in an amount to be proven at trial.

42. As a result of the Defendants' actions, JADAWI, INC. should be compelled to deed the Utah Properties back to their rightful owner.

## COUNT IV—AIDING AND ABETTING / CIVIL CONSPIRACY

43. JADAWI, INC. has aided and abetted the wrongful acts and breaches of fiduciary duty by Charles H. Roark, and JADAWI, INC. and Charles H. Roark have engaged in a civil conspiracy against the Estate to convert the valuable Utah properties for their personal gain.

44. The actions in furtherance of the aiding and abetting and conspiracy include, but may not be limited to: (1) filing with the Tennessee Secretary of State a registered agent name change, application for reinstatement and duplicate name consent for the Tennessee Funny Farm, at a time when Charles H. Roark had no authority to act on behalf of the Tennessee Funny Farm; (2) making a filing on July 1, 2015 with the Tennessee Secretary of State for "Funny Farm, Inc." in an effort to give the false impression that Defendant Charles H. Roark had authority to transfer the Utah properties, (3) making a filing on July 1, 2015 with the Kentucky Secretary of State for "Funny Farm, Inc." in an effort to give the false impression that Defendant Charles H. Roark had authority to transfer the Utah properties; (4) filing Articles of Incorporation for "Funny Farm of Tennessee, Inc.," on July 6, 2015 with the Utah Secretary of State to give the false impression

that Defendant Charles H. Roark had authority to transfer the Utah properties; (5) executing and filing a Quitclaim Deed transferring the Utah Properties to JADAWI, INC. knowing that Defendant H. Roark had no authority from the owner of the Utah properties; and (6) keeping all proceeds and consideration from the sale of the Utah properties.

45. As a direct and proximate result of the aforementioned aiding and abetting and conspiracy between and among the Defendants, the Estate has incurred damages substantially in excess of $75,000.

46. The Estate is entitled to recover compensatory damages from the Defendants, jointly and severally, as well as punitive damages.

47. As a result of the Defendants' actions, JADAWI, INC. should be compelled to deed the Utah Properties back to their rightful owner.

**WHEREFORE**, the Estate requests the following relief:

(a) A declaration that (1) The Decedent Fred Gaylord Roark, Sr. was the sole owner of the Kentucky Funny Farm and the Tennessee Funny Farm at the time of his death; (2) Charles H. Roark was neither an owner, officer or director of the Tennessee Funny Farm or the Kentucky Funny Farm at the time he executed the Quitclaim Deed on November 16, 2015; (3) Defendant Charles H. Roark had no authority to sign the Quitclaim Deed on November 16, 2015 on behalf of either the Kentucky Funny Farm or the Tennessee Funny Farm; and (4) JADAWI, INC. knew or had reason to know that Charles H. Roark signed the Quitclaim Deed without authority to do so on behalf of the owner.

(b) An order compelling JADAWI, INC. to deed the Utah Properties back to their rightful owner;

  (c) An award of damages against the Defendants, jointly and severally,

  (d) An award of punitive damages against the Defendants, jointly and severally;

  (e) A trial by jury; and

  (f) Any and all other relief to which it may be entitled.

        Respectfully submitted,

        s/Marshall R. Hixson
        Marshall R. Hixson
        Taylor J. Stuckey
        STITES & HARBISON PLLC
        250 West Main Street, Suite 2300
        Lexington, KY  40507-1758
        Telephone: (859) 226-2330
        mhixson@stites.com

        COUNSEL FOR PLAINTIFF, THE ESTATE OF
        FRED GAYLORD ROARK, SR.

EB58:46311:600632:3:LEXINGTON